UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID HAND,
    Petitioner,

v.                                                    Case No. 8:25-cv-584-KKM-SPF

STATE OF FLORIDA,
    Respondent.
_____

## ORDER

Hand, a Florida prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 8.) Having considered the amended petition, (*id.*), and the response opposing it as time-barred, (Doc. 12), the Court dismisses the amended petition as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I. INTRODUCTION

Hand pleaded guilty to charges of lewd molestation, sexual battery, and unlawful sexual activity with a minor. (Doc. 12-2, Exs. 11-13.) The state trial court sentenced Hand to an overall term of 25 years in prison, followed by lifetime

---

[1] Hand did not file a reply.

1

probation as a sexual predator. (*Id.*) The state appellate court per curiam affirmed the convictions and sentences. (Doc. 12-2, Ex. 25.) Hand sought postconviction relief under Florida Rule of Criminal Procedure 3.850 but withdrew his motion. (Doc. 12-2, Exs. 33-39.) His later petition to invoke the state trial court's all writs jurisdiction was denied. (Doc. 12-2, Exs. 41-43.)

## II.    TIMELINESS ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Hand's conviction and sentence were per curiam affirmed on September 2, 2020. (Doc. 12-2, Ex. 25.) His judgment therefore became final 90 days later, on December 1, 2020. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 96 days of untolled time passed, Hand filed a motion for postconviction relief on March

2

8, 2021. (Doc. 12-2, Ex. 33.) Hand withdrew the motion on February 7, 2022. (Doc. 12-2, Ex. 39.) Hand had 269 days remaining on his AEDPA limitation period, meaning that his § 2254 petition was due by November 4, 2022. Hand did not file his § 2254 petition or another tolling application in state court before this deadline.

Hand's next tolling application was not filed until more than one year later, on December 21, 2023, when he filed a petition to invoke the state court's all writs jurisdiction. (Doc. 12-2, Ex. 41.) This motion did not revive the expired AEDPA limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Hand's § 2254 petition, filed on February 5, 2025, is untimely under § 2244(d)(1).[2]

Hand does not assert that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). Nor does he contend that his untimely petition may be considered because he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S.

---

[2] For purposes of this timeliness analysis, the Court assumes that the filing date of Hand's amended petition relates back to the February 5, 2025 filing date of his initial petition. *See* Fed. R. Civ. P. 15(c)(1).

383, 386 (2013). As Hand has shown no other basis for reviewing his petition, it is dismissed as time-barred.

## III. CERTIFICATE OF APPEALABILITY

Hand is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Hand must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Hand cannot satisfy the second prong of the *Slack* test. As Hand is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Hand's Amended Petition for Writ of Habeas Corpus, (Doc. 8), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Hand and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 4, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge